[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14872

Non-Argument Calendar

_____

In re: ANDREA ROSEN LIEBMAN,

Debtor.

_____

ANDREA LIEBMAN,

Plaintiff-Appellant,

*versus*

OCWEN LOAN SERVICING, LLC,
FUTURA MIAMI INVEST, LLC,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-20322-RNS

———————————

Before WILLIAM PRYOR, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal is Andrea Liebman's second *pro se* appeal concerning her petition to declare bankruptcy under Chapter 13 of the Bankruptcy Code and the foreclosure sale of her property. Liebman challenges orders affirming the denial of her motion for relief from a judgment refusing to reinstate her bankruptcy case or to retroactively stay the sale of her property, *see* Fed. R. Civ. P. 60, and her motion to stay the disbursement of funds from the foreclosure sale. We affirm.

"As the second court to review the judgment of the bankruptcy court, we review the order[s] of the bankruptcy court independently of the district court." *In re TOUSA, Inc.*, 680 F.3d 1298, 1310 (11th Cir. 2012). We review the denial of Liebman's motion for relief under Federal Rule of Civil Procedure 60 for abuse of discretion. *In re Glob. Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir. 2014). We review the decision to deny Liebman's motion to stay the disbursement of funds *de novo* and its related findings of fact

for clear error. *See In re McLean*, 794 F.3d 1313, 1318 (11th Cir. 2015).

The district court did not abuse its discretion when it denied Liebman's postjudgment motion for relief. Because Liebman's motion challenged a judgment that we affirmed in her first appeal, the doctrine of the law of the case bars us from considering that judgment a second time in the absence of any contrary controlling authority or a clear error in the decision. *See United States v. Stein*, 964 F.3d 1313, 1322–23 (11th Cir. 2020). In the earlier appeal, we concluded that Liebman presented no "arguments or evidence suggesting that the bankruptcy court erred by refusing to reinstate her case" or "inappropriately applied . . . the factors [it had to] consider in determining whether to grant [her] a retroactive stay." *Liebman v. Ocwen Loan Servicing, LLC, et al.*, 772 F. App'x 839, 841 (11th Cir. June 7, 2019). The judgment of the bankruptcy court, which Liebman declined to challenge "in a subsequent appeal when the opportunity existed, bec[ame] the law of the case for . . . [her postjudgment] litigation . . . ." *See Stein*, 964 F.3d at 1324 (quoting *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997)).

Liebman argues that the bankruptcy court used a *nunc pro tunc* order in violation of *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696 (2020), but we disagree. In *Acevedo*, the Supreme Court reached the unremarkable conclusion that a state court lost jurisdiction to issue orders in an action that had been removed to federal court and was awaiting

remand. *Id.* at 699–701; *see* 28 U.S.C. § 1446(d) ("after the filing of [a] notice of removal . . . the State court shall proceed no further unless and until the case is remanded"). The Supreme Court also concluded that a *nunc pro tunc* order entered by the federal court, which impermissibly "revis[ed] history" by backdating to March 2018 its decision in August 2018 to remand, could not retroactively confer jurisdiction to the state court. *Id.* at 700–01. In contrast, the *nunc pro tunc* order the bankruptcy court entered in Liebman's case "reflect[ed] the reality of what [had] already occurred." *See id.* (internal quotation marks omitted). The *nunc pro tunc* order clarified that the reinstatement of Liebman's bankruptcy case had not reimposed the automatic stay, *see* 11 U.S.C. § 362(c)(2)(B) (dismissal terminates the automatic stay), and, in the alternative, that the bankruptcy court had conditioned the stay on Liebman submitting a confirmable Chapter 13 plan, *see id.* § 362(d) (giving a bankruptcy court power to "grant relief from the stay . . ., such as by terminating, annulling, modifying, or conditioning such stay"). *Acevedo* is not a contrary decision of law applicable to this action.

The bankruptcy court did not err by denying Liebman's motion to stay the disbursement of funds. Liebman moved for a stay to demand punitive damages against her loan servicer, Ocwen Loan Servicing, LLC, but the bankruptcy court ruled that "no grounds . . . support[ed]" Liebman's argument that Ocwen willfully violated the automatic stay when it accepted the proceeds from the foreclosure sale. *See* 11 U.S.C. § 362(k)(1). Punitive sanctions are appropriate only if a party acts with reckless or callous

disregard for the law or rights of others. *In re McLean*, 794 F.3d 1313, 1325 (11th Cir. 2015). Liebman accused Ocwen of "conceal[ing] . . . information, [and committing] fraud upon the Court," but the record supports the contrary finding of the bankruptcy court that Ocwen had "done nothing wrong." After the bankruptcy court lifted the stay, Ocwen was not barred from accepting the proceeds. We cannot say that the bankruptcy court erred in determining that, because "the facts of record do not support an award of damages," "no reasonable basis [existed] to stay the disbursements" to Ocwen.

We **AFFIRM** the denial of Liebman's postjudgment motions.